IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:02CR3028 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| OSCAR SAUCEDO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody ("§ 2255 motion") filed by the defendant, Oscar Saucedo ("Saucedo") (filing 48).[1] The motion will be dismissed as untimely.

On September 27, 2002, Saucedo was sentenced to a term of 60 months' imprisonment for possession with intent to distribute methamphetamine. No appeal was taken.

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Saucedo's § 2255 motion was filed on March 24, 2005.  In it Saucedo alleges in summary fashion that his guilty plea was involuntary, that his arrest was unlawful, and that he was subjected to double jeopardy.

Section 2255 contains a one-year statute of limitations, which runs from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Saucedo's judgment of conviction became final more than one year before his § 2255 motion was filed.[2]  Saucedo does not claim that he was prevented by governmental action from filing the motion earlier, nor does he rely upon any newly discovered facts or newly recognized legal right.

Accordingly,

---

[2] Because Saucedo did not appeal his conviction or sentence, the judgment became final when the time for filing a notice of appeal passed, i.e., 10 days after entry of the judgment.  See Fed. R. App. P. 4(b)(1)(A).

IT IS ORDERED that:

1. The defendant's § 2255 motion (filing 48) is dismissed; and

2. Judgment shall be entered by separate document.


DATED: May 5, 2005.            BY THE COURT:

                               s/ Richard G. Kopf
                               United States District Judge